IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02601-BNB

JEROME WEATHINGTON,

    Plaintiff,

v.

OFFICER GAFFNEY,
HARRELL WATTS, Administrator National Inmate Appeals,
PAUL M. LAIRD, Regional Director,
C. DANIELS, Warden I,
J. ONEAL, Counselor,
J. McPEEK, RN,
SCHWARTZ, AW
CAPTAIN SNYDER,
OLIVER, Warden
MARTIN, Lt.,
GOMEZ, Unit Manager,
LEGGIT, Counselor,
SANDAVOL, Counselor,
JOHNSON, AW,
MIERS, Trust Fund Supervisor,
JOHN DOE, Special Housing Lt.,
P. KLEIN, Captain, and
JOHN DOE, Special Management Unit Lt.,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Jerome Weathington, is a prisoner in the custody of the Federal Bureau of Prisons at the United States Penitentiary in Florence, Colorado. Mr. Weathington has filed *pro* se a Prisoner Complaint (ECF No. 1) pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that his constitutional rights have been violated. Mr. Weathington specifically claims he has

been denied due process and subjected to cruel and unusual punishment because he has been denied a pillow since December 2012. He seeks damages and injunctive relief.

The court must construe the Prisoner Complaint liberally because Mr. Weathington is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Weathington will be ordered to file an amended complaint.

The Prisoner Complaint is deficient. First, although Mr. Weathington is suing Defendants in their individual and official capacities, Mr. Weathington cannot assert a *Bivens* claim against a federal official in his or her official capacity. *See Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005). "Under *Bivens*, an individual has a cause of action against a federal official in his individual capacity for damages arising out of the official's violation of the United States Constitution under color of federal law or authority." *See Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000) (emphasis removed). Mr. Weathington may not assert a *Bivens* claim against either the United States or the Bureau of Prisons. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001).

The Prisoner Complaint also is deficient because Mr. Weathington fails to allege specific facts that demonstrate how each of the eighteen named Defendants personally participated in the asserted constitutional violations. *See Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific

constitutional violation complained of [are] essential"). Mr. Weathington's vague allegations that he submitted numerous cop-outs and grievances and that Defendants were aware of his need for a pillow do not demonstrate personal participation by each Defendant in the asserted constitutional violations. The fact that a particular Defendant merely denied a cop-out or grievance alone is not sufficient to demonstrate personal participation. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (stating "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation"). In addition, supervisory officials may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

For these reasons, Mr. Weathington will be ordered to file an amended complaint. Mr. Weathington should name as Defendants only those persons he contends actually violated his federal constitutional rights. Mr. Weathington "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Accordingly, it is

ORDERED that Mr. Weathington file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order. It is

FURTHER ORDERED that Mr. Weathington shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Weathington fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed.

DATED September 24, 2014, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge