IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02601-KLM

JEROME WEATHINGTON,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
OFFICER GAFFNEY, and
WARDEN DANIELS,

    Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiff's Motion Opposing Defendants['] Motion for Summary Judgment Based on Failure to Exhaust** [#25][1] (the "First Motion") and **Plaintiff's Second Motion Opposing Defendants['] Motion for Summary Judgement [sic] Based on Failure to Exhaust** [#30] (the "Second Motion" and collectively with the First Motion, the "Motions").[2] The Motions each purport to respond to Defendant's [sic] Motion for Summary Judgment Based on Failure to Exhaust [#22] (the "Motion for Summary Judgment").

    A pro se litigant must follow the same procedural rules that govern other litigants, including the Local Rules of this Court and the Federal Rules of Civil Procedure. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994); *Pallottino v. City of Rio Rancho*, 425 F.App'x 710, 713 (10th Cir. 2011) (unpublished decision) ("[T]he pro se status of [Plaintiffs] does not relieve them of their obligations to comply with procedural rules . . . ."); *see also Indiana v. Edwards*, 554 U.S. 164, 185 (2008) ("A *pro se* defendant may not . . . fail to comply with relevant rules of procedural . . . law." (quotation marks and citation omitted)); *Kennington*

---

    [1] "[#25]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Minute Order.

    [2] The Court notes that despite its title, the First Motion was not docketed as a motion. The Second Motion was docketed as a motion and, therefore, requires the Court to issue a ruling.

*v. U.S. Dep't of the Treasury*, 490 F.App'x 939, 942 n.1 (10th Cir. 2012) (table decision) (disregarding letter submission by pro se party that did not follow procedural rules). D.C.COLO.LCivR 7.1(d) states that a "responding party shall have 21 days after the date of service of a motion . . . to file a response." The rule also provides that the party that filed the motion at issue may file a reply in further support of the motion up to 14 days after service of the response. Pursuant to Fed. R. Civ. P. 7.1(b)(1), a motion is a "request for a court order . . . ." Therefore, it is improper for Plaintiff to file a motion as a response to the Motion for Summary Judgment. It is also improper for Plaintiff to file two responses to the Motion for Summary Judgment because D.C.COLO.LCivR 7.1(d) only allows him to file "a response."

The Court will accept one of the Motions as Plaintiff's response to the Motion for Summary Judgment if he wishes the Court to do so. Alternatively, Plaintiff may file a new response to the Motion for Summary Judgment and the Court will strike the Motions from the record. Accordingly,

IT IS HEREBY **ORDERED** that, to the extent that it requires a ruling, the Second Motion [#30] is **DENIED**.

IT IS FURTHER **ORDERED** that Plaintiff's deadline to respond to the Motion for Summary Judgment [#22] is extended to **March 27, 2015**.

IT IS FURTHER **ORDERED** that, **on or before March 27, 2015**, Plaintiff shall file either: (1) a Notice informing the Court that he would like it to treat **either** the First Motion [#25] **or** the Second Motion [#30] as his response to the Motion for Summary Judgment, or (2) a new response to the Motion for Summary Judgment [#22].

Dated: March 5, 2015