IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02601-KLM

JEROME WEATHINGTON,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
OFFICER GAFFNEY, and
WARDEN DANIELS,

    Defendants.

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court[1] on **Defendant's [sic] Motion for Summary Judgment Based on Failure to Exhaust** [#22][2] (the "Motion").  Plaintiff, who proceeds in this matter pro se,[3] filed a Response[4] [#32].  Defendants have not filed a Reply, and their

---

[1] The parties consented to proceed before the undersigned for all proceedings pursuant to 28 U.S.C. § 636(c) and D.C.COLO.LCivR 72.2.  *See generally* Consent Form [##14, 28].

[2] "[#22]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  This convention is used throughout this Order.

[3] The Court must construe the filings of a pro se litigant liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).  The Court, however, should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his or her] behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).  In addition, pro se litigants must follow the same procedural rules that govern other litigants.  *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[4] Plaintiff filed a prior response, but informed the Court that he wanted the Court to strike that response and to accept his Response filed on March 18, 2015.  *See generally* Notice Informing

1

time to do so has elapsed. The Court has reviewed the Motion, the Response, the entire docket, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#22] is **DENIED**.

## I. Background

Plaintiff is incarcerated by the Federal Bureau of Prisons (the "BOP") at the United States Penitentiary in Florence, Coloardo ("USP"). *Amended Prisoner Complaint* [#8] (the "Complaint") at 2. Plaintiff brings two claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and one claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671. Plaintiff asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1331. *Id.* at 3. Plaintiff alleges that when he arrived at USP on December 12, 2012 he was not given a pillow. *Id.* at 3. He further alleges that he requested a pillow through various channels, including filing an internal grievance and submitting a medical request, but was not issued a pillow. *Id.* at 3-6. Plaintiff brings a Fourteenth Amendment due process claim, an Eighth Amendment cruel and unusual punishment claim, and a negligence claim under the FTCA, 28 U.S.C. § 2671. Plaintiff seeks $35,000 in monetary compensation and requests injunctive relief. *Id.* at 14.

In the Motion, Defendants argue that "Plaintiff did not properly exhaust and file these claims." *Motion* [#22] at 1. They maintain that Plaintiff "filed one administrative tort claim, which was denied, but he then [ ] did not file a timely civil complaint within 6 months of the denial, as was required by the [FTCA]." *Id.* Defendants aver that Plaintiff "filed another

---

*Court of a New Response to the Motion for Summary Judgment #22 and to Strike the Other Motions From the Record* [#33] (the "Notice"). Because the Notice was not filed as a Motion, the Court did not rule on the Notice. Instead, in this Order the Court is considering only the Response and is not considering the previously filed response as Plaintiff requested in the Notice.

administrative tort claim, but he filed this civil action before that claim was denied, and thus failed to exhaust that claim before filing, as required by the [FTCA]." *Id.* at 1-2. Defendants submitted a declaration signed by Benjamin J. Brieschke ("Brieschke"), a Senior Attorney with the United States Department of Justice working at the Federal Correctional Complex in Florence, Colorado, to support their argument that Plaintiff failed to exhaust his administrative remedies. *See generally Brieschke Decl.* [#22-1]. Defendants provide a Statement of Undisputed Material Facts relating to the grievances and administrative torts claims filed by Plaintiff. *Motion* [#22] at 2-3.

In his Response, Plaintiff argues that with regard to his *Bivens* claims, he exhausted his administrative remedies. *Response* [#32] at 1-3. Plaintiff also maintains that he filed two administrative claims relating to the FTCA claim he asserts in the instant action. *Id.* at 3. Plaintiff argues that his "tort claim . . . was denied on Sep[tember] 16, 2014" and that he filed this "claim in court on Sep[tember] 19, 2014." *Id.* Plaintiff also argues that equitable tolling should apply to his first FTCA claim "because [he] was still pursuing [his] rights diligently by waiting on Medical to see [him] . . ." and waited to file the claim until after the medication prescribed for his back pain did not work. *Id.* at 4. Plaintiff states that the two FTCA claims he submitted were numbered TRT NCR-2013-02512 and TRT NCR-14-5762. *Id.* Plaintiff maintains that his claim as reflected in TRT NCR-14-5762 is timely filed with this Court. *Id.*

## II. Standard of Review

The purpose of a motion for summary judgment pursuant to Fed. R. Civ. P. 56 is to assess whether trial is necessary. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Under Rule 56, the Court must dismiss Plaintiff's claims without prejudice if the evidence

3

presented does not create a genuine issue of material fact as to whether Plaintiff's claims against Defendants were properly exhausted. *Gatlin v. Brown*, 2014 WL 1818245, at *4 (D. Colo. 2014) (noting that dismissal of unexhausted claims on summary judgment should be without prejudice). An issue is genuine if the evidence is such that a reasonable jury could resolve the issue in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the case under the governing substantive law. *Id.*

The burden is on the movant to show the absence of a genuine issue of material fact. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 323). When the movant does not bear the ultimate burden of persuasion at trial, the "movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the [C]ourt a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Id.* at 671. If the movant carries the initial burden of making a prima facie showing of a lack of evidence, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of his claim such that a reasonable jury could find in his favor. *See Anderson*, 477 U.S. at 248; *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999), *abrogation recognized by Eisenhour v. Weber County*, 744 F.3d 1220, 1227 (10th Cir. 2014). Conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). The nonmoving party's evidence must be more than "mere reargument of [his] case or a denial of an opponent's allegation" or it will be disregarded. *See* 10B Charles Alan Wright, et al., Federal Practice

and Procedure § 2738 at 356 (3d ed.1998).

Pro se litigants must follow procedural rules including Rule 56. *See Nielson*, 17 F.3d at 1277. The Tenth Circuit, however, has found that "'[t]he rights of *pro se* litigants require careful protection where highly technical requirements are involved . . . .'" *Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1140 (10th Cir. 1985) (quoting *Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984)).

### III. Analysis

**A.     Constitutional Claims**

The Prison Litigation Reform Act ("PLRA") requires that a claim regarding prison conditions must first be exhausted before a prisoner may challenge those conditions by filing suit. *Porter v. Nussle*, 534 U.S. 516, 520 (2002) ("1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences."). Specifically, the exhaustion provision states:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory."). However, the burden is on Defendants to assert Plaintiff's failure to exhaust in a dispositive motion. Here, Defendants' failure to exhaust defense is analyzed pursuant to Fed. R. Civ. P. 56. As such, if the evidence presented

does not create a genuine issue of material fact as to whether Plaintiff's constitutional claims against Defendants were properly exhausted, the claims must be dismissed without prejudice. *Arocho v. Lappin*, No. 07-cv-02603-REB-KLM, 2011 WL 2292187, at *8 (D. Colo. Apr. 21, 2011) (citing *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) (noting that dismissal of unexhausted claims on summary judgment should be without prejudice)); *cf. Kikumura v. Osagie*, 461 F.3d 1269, 1290 (10th Cir. 2006) (recognizing that dismissal of untimely grievance should be with prejudice), *overruled in part on other grounds as recognized in Robbins v. Oklahoma*, 519 F.3d 1242, 1246-47 (10th Cir. 2008)).

Defendants argue that Plaintiff failed to exhaust his administrative remedies because his lack-of-a-pillow grievance was still pending at the time he filed this lawsuit. *Motion* [#22] at 6 ("[Plaintiff's] administrative remedy request was still pending before the Warden" at the time he filed the instant lawsuit.). Plaintiff contends that he exhausted his administrative remedies because his grievance "was denied on every level . . . ." *Response* [#32] at 2. The parties' dispute regarding exhaustion of Plaintiff's *Bivens* claims arises at the point in the grievance process when Plaintiff's grievance was remanded to the Warden at USP. Therefore, the Court focuses its analysis on that point in the grievance process.

Pursuant to 28 C.F.R. §§ 542.10-542.19, inmates must follow the Administrative Remedy Program, which mandates specific grievance procedures in order for prisoners to exhaust administrative remedies before filing *Bivens* claims. Here, there is no dispute that Plaintiff submitted a BP-10 form as required by 28 C.F.R. § 542.15. As explained in the Brieschke Declaration, the North Regional Central Office ("NCRO") responded to Plaintiff's BP-10 on January 28, 2013 (the "January 28 Letter") by remanding his appeal to the NCRO

of the initial denial of his grievance[5] back to the prison for further review. *Brieschke Decl.* [#22-1] ¶ 13; *see* [#22-6] at 6 (letter to Plaintiff dated January 28, 2013 informing him that his "appeal has been remanded back to the institution for further review"). The January 28 Letter further informed Plaintiff that he would thereafter receive a response from the prison and that if he was "dissatisfied with [the] response, [he could] resubmit [his] Regional Administrative Remedy Appeal" to the NCRO. *January 28 Letter* [#22-6] at 6. The January 28 Letter also stated that Plaintiff could "appeal to the Office of General Counsel, Federal Bureau of Prisons . . . within 30 days from the date of this response" if he was dissatisfied with the NCRO's response evidenced by the January 28 Letter. *Id.* According to Mr. Brieschke,

> on March 8, 2013, Plaintiff submitted a BP-11 appeal, which was rejected because he did not provide a copy of his institution's BP-9[6]. [ ] Plaintiff was notified that he needed to resubmit his appeal in proper format within 15 days. [ ] On April 4, 2013, Plaintiff resubmitted his BP-11 appeal. [ ] On September 16, 2013, Central Office advised Plaintiff that his case had been remanded back to the institution as per memorandum dated January 28, 2013.

*Brieschke Decl.* [#22-1] ¶ 15. Notably, Defendants did not include the March 8, 2013 BP-11 as an exhibit to the Brieschke Declaration. Therefore, it is unclear whether Plaintiff's BP-11 appeal stated that he was challenging the NCRO's decision to remand his grievance

---

[5] As mentioned above, the parties do not dispute that Plaintiff followed the initial steps required to file a grievance. The dispute arises at the point when Plaintiff's BP-10 appeal to the NCRO was remanded to the prison. As a result, the Court does not address Plaintiff's filing of forms in the initial steps of the grievance process herein.

[6] As explained in C.F.R. §§ 542.13-542.13, "[g]enerally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally (BP-8) and then completing all three formal steps by filing an administrative remedy request with institution staff (BP-9) as well as regional and national appeals (BP–10 and BP–11)." *Cooley v. True*, No. 14-cv-03119-GPG, 2015 WL 393864, at *1 (D. Colo. Jan. 29, 2015). "Inmate appeals must be accompanied by copies of their administrative filings and responses at lower levels." *Id.* (citing 28 C.F.R. § 542.15(b)(1)).

7

to the Warden or pursuing the merits of his claim. Ultimately, however, this would not change the analysis.

> The September 16, 2013 response from the Central Office states that
>
> the Regional Director remanded your concerns back to the institution for further review on January 28, 2013. Therefore your concerns will not be addressed at this level. We would be remiss as to not allow the Warden the opportunity to address your concerns accordingly in the event you disagree with their response.

[#22-6] at 8 (the "September 16 Letter"). While Defendants maintain that Plaintiff did not fully exhaust his administrative remedies with regard to his *Bivens* claims, Plaintiff did follow the correct procedural steps. When the NCRO remanded his BP-10 to his institution, the January 28 Letter clearly stated that he could appeal the NCRO's decision to remand his grievance to the Central Office. Pursuant to 28 C.F.R. § 542.15(a), "an inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response." Mr. Brieschke's Declaration and the attached exhibits make clear that in response to the NCRO's January 28 Letter, Plaintiff submitted a BP-11 to the Central Office, which was not procedurally improper if Plaintiff wanted to challenge the remand. In response to his BP-11, on September 16, 2013, the Central Office sent Plaintiff a notice stating that because the NCRO remanded his grievance "back to the institution for further review on January 28, 2013," Plaintiff's "concerns will not be addressed at this level." *September 16 Letter* [#22-6] at 8. The September 16 Letter further stated that the Central Office "would be remiss as to not allow the Warden the opportunity to address your concerns . . . ." *Id.* However, as noted above, it is unclear from the evidence presented by Defendants whether Plaintiff was challenging the decision to remand his grievance to

the Warden or whether he was appealing the Warden's lack of response to his grievance. Regardless, as explained below, the Court finds that to the extent the Motion seeks summary judgment because Plaintiff failed to exhaust his *Bivens* claims, the Motion should be denied.

> 28 C.F.R. § 542.18 provides, in pertinent part:
>
> If accepted, a Request or Appeal is considered filed on the date it is logged into the Administrative Remedy Index as received. Once filed, response shall be made by the Warden or CCM within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days . . . . If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level.

Therefore, assuming that the 20-day window for the Warden to respond to the remanded grievance began on the day the January 28 Letter was sent to Plaintiff[7], the Warden's failure to respond to Plaintiff on or before February 17, 2013, could constitute "a denial [of the grievance] at that level." 28 C.F.R. § 542.18. Defendants offer no evidence that the Warden responded at any time, let alone within the 20-day window. Plaintiff explains in his Response that after the grievance was remanded, he never received a response from the Warden, "so [he] filed [his] appeal . . . before [his] time ran out . . . .". *Response* [#32] at 2. According to Defendants, Plaintiff filed his BP-11 appeal on March 8, 2013 and then, after it was rejected for a technical defect, again submitted it on April 4, 2013. *Bierschke Decl.* [#22-1] ¶ 15. While the Central Office's September 16[8] Letter informed Plaintiff that

---

[7] Notably, five days before the January 28 Letter was sent to Plaintiff, the NCRO sent the Warden, Defendant Daniels, a letter informing him of the remand. [#22-6] at 7.

[8] The Court notes that the September 16 Letter was written almost eight months after the grievance was remanded to the Warden.

his grievance was pending with the Warden, the statute makes clear that the Warden's failure to respond within 20 days could be treated as a denial for appeal purposes. Defendants fail to address 28 C.F.R. § 542.18 in their Motion.  However, the Court's independent research has not revealed any cases in which it was determined that the statutory time limits imposed on wardens by 28 C.F.R. § 542.18 do not apply when a grievance has been remanded.

Proper exhaustion means that an inmate must follow all of the steps provided by the prison so that the prison may address the issue raised by the inmate on the merits.  *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  Here, the September 16 Letter from the Central Office defers ruling on the merits.  *September 16 Letter* [#22-6] at 8 ("[Y]our concerns will not be addressed at this level.").  This is troubling because, if Defendants are correct, despite the fact that Plaintiff followed the proper statutory procedures, the Central Office's refusal to rule on the merits of his grievance foreclosed Plaintiff from seeking relief in court. In other words, Plaintiff could follow all necessary procedures, the Warden could refuse to reach a determination regarding Plaintiff's grievance for as long as he wants, and Plaintiff would have no ability to further pursue the grievance.  Such inertia is neither contemplated nor permitted by the applicable regulations.  Instead, the regulations build in specific time limitations for both the inmate and the institutions so that an issue can be resolved on the merits in a timely manner.  Here, Defendants take the position that Plaintiff did not properly exhaust because "his administrative remedy request was still pending before the Warden." *Motion* [#22] at 6.  This position implies that Plaintiff had no recourse as long as the remand was pending before the Warden, but as discussed above, that argument condones an indefinite administrative process unsupported by applicable legal authority.  Therefore,

regardless of whether Plaintiff properly exhausted his administrative remedies with regard to his *Bivens* claims, the Court must consider whether an exception to the exhaustion requirement is proper.

An exception to the exhaustion requirement applies if prison officials made exhaustion unavailable or if exhaustion would be futile. *See Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011) (citing *Jones v. Bock*, 549 U.S. 199, 212 (2006)) (applying PLRA's exhaustion requirement); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). A remedy is not available when prison officials hinder, thwart, or prevent an inmate's attempts to exhaust that remedy. *Tuckel*, 660 F.3d at 1252 ( citing *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010)). In short, the Court must ensure that "any defects in exhaustion [are] not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007). "[T]he failure to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable. *Jernigan*, 304 F.3d at 1032 (quoting *Lewis v. Washington*, 300 F.3d 829, 831-32 (7th Cir. 2002); *Foulk v. Charrier*, 262 F.3d 687, 698 (8th Cir. 2001); *Underwood v. Wilson*, 151 F.3d 292, 295 (5th Cir. 1998)). Here, the grievance was remanded to the Warden in January 2013 and, according to Defendants, in September 2013 the grievance was still pending before the Warden and Plaintiff's attempt to appeal the Warden's inaction, deemed a denial under the applicable regulation, was denied because the grievance was pending before the Warden. The Court therefore finds that while Plaintiff attempted to exhaust his administrative remedies, exhaustion was not possible due to the actions of prison officials. Accordingly, exhaustion of Plaintiff's *Bivens* claims was unavailable in this case. The Court therefore **denies** the Motion to the extent

it argues that the Court should grant summary judgment in Defendants' favor with regard to Plaintiff's constitutional claims.

**B.     Tort Claims**

In enacting the FTCA, the United States waived, with certain exceptions, its sovereign immunity for common law torts committed by its agents in the scope of their employment. *See* 28 U.S.C. § 2674; *Woodruff v. Covington*, 389 F.3d 1117, 1126 (10th Cir. 2004) ("The [FTCA] is a limited waiver of sovereign immunity" that only applies to federal employees.) (internal quotation marks and citation omitted).  With regard to federal employees, the FTCA waives sovereign immunity for certain tort claims seeking money damages. 28 U.S.C. § 1346(b)(1); *Franklin Sav. Corp. v. United States*, 180 F.3d 1124, 1140 (10th Cir. 1999). The express terms of the waiver, however, are limited such that a suit may not be brought against the Government, "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a). Exhaustion of administrative remedies is a prerequisite to suit under the FTCA. *See id.*; *McNeil v. United States*, 508 U.S. 106, 107 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); *Nero v. Cherokee Nation of Oklahoma*, 892 F.2d 1457, 1463 (10th Cir. 1989) (Section 2675 of the FTCA requires that administrative remedies be exhausted before suit is filed in district court.).

Timeliness of suit is a condition of the government's waiver of sovereign immunity under the FTCA, and the Court lacks subject matter jurisdiction to proceed under the FTCA if a plaintiff fails to satisfy the FTCA's timing requirements set forth in 28 U.S.C. § 2401(b). *Dahl v. United States*, 319 F.3d 1226, 1228 (10th Cir. 2003). "A tort claim against the

United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).

Defendants argue that Plaintiff's negligence claim brought pursuit to the FTCA is barred for failure to exhaust and untimeliness.[9]  First, Defendants maintain that Plaintiff received a Right to Sue Letter relating to his first FTCA administrative claim on August 20, 2013 and did not initiate this lawsuit within the six-month period required by the statute. *Motion* [#22] at 6-7.  Defendants further argue that Plaintiff's second FTCA administrative claim was not fully exhausted before he filed this lawsuit. *Id.* at 7.  With regard to Plaintiff's first FTCA administrative claim, Plaintiff argues that he "did not have proof of injury" and his claim was therefore denied.[10]  *Response* [#32] at 3.  Plaintiff avers that his second FTCA administrative claim was denied on September 16, 2014 and that he initiated this lawsuit three days later. *Id.*  As a result, he maintains that his second FTCA administrative claim was exhausted before he filed the instant lawsuit.

There is no question that Plaintiff's first FTCA administrative claim was denied on August 20, 2013 and that Plaintiff did not file this law suit within six months of that date.

---

[9] Defendants do not argue that Plaintiff's second FTCA administrative claim cannot be considered because it is duplicative of his first FTCA administrative claim. *See FTCA Notice* [#22-5] at 4.  Because Defendants do not raise this issue, the Court does not address it.

[10] Plaintiff states that his first FTCA administrative claim related to prison staff's failure to provide pain medication for his back and neck pain that was allegedly caused by the lack of a pillow. *Response* [#32] at 3; *see also Claim Form* [#22-3] at 2.  He maintains that he filed his second FTCA administrative claims as soon as he was diagnosed with a back problem because his first FTCA administrative claim was denied based on his failure to show injury. *Response* [#32] at 4.

As a result, Plaintiff's first FTCA administrative claim cannot serve as the basis for his negligence claim in this case. Plaintiff argues that the six-month filing deadline should be tolled. Because the Court otherwise concludes that Plaintiff's negligence claim may proceed, it does not address this argument.

Plaintiff argues that his second FTCA administrative claim was denied before he filed suit and, therefore, it was properly exhausted. *Response* [#32] at 3. Defendants argue that because Plaintiff did not *receive notice* of the denial until September 25, 2014, the second FTCA administrative claim was not properly exhausted prior to the initiation of suit as required by the FTCA. *See Motion* [#22] at 6-7; *Brieschke Decl.* [#22-1] ¶ 11 ("The Complaint in this civil action was filed prior to the date Plaintiff received the denial letter on Tort Claim number TRT-NCR-2014-05762."). Plaintiff received notice of the denial of his second FTCA administrative claim via a notice that is dated September 16, 2014.[11] *See* [#22-5] (the "FTCA Notice") at 4. This lawsuit was initiated on September 19, 2014. Defendants take the position that because Plaintiff had not *received* the FTCA Notice when he filed his Complaint, this claim was not exhausted. However, the statute does not require Plaintiff to have knowledge that his claim has been denied. Instead, the statute states that a lawsuit must be filed "within six months after the date of *mailing*, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28

---

[11] No evidence has been presented regarding the date the FTCA Notice was mailed. The United States Postal Service Tracking number included on the FTCA Notice, [#22-5] at 4, when entered into the appropriate box at www.usps.com, only allows the Court to determine the date of delivery of the FTCA Notice, not the date the FTCA Notice was mailed. Therefore, for purposes of this Order the Court assumes that the FTCA Notice was mailed to Plaintiff on September 16, 2014 because that is the date typed on the FTCA Notice. However, even if the FTCA Notice was mailed after September 16, 2014, the date typed on the FTCA Notice would create a material issue of disputed fact that would be sufficient to defeat the Motion.

U.S.C. § 2401(b) (emphasis added). If Plaintiff's last day for filing a lawsuit is limited by the date the FTCA Notice was mailed, why would the first day he can file a lawsuit by limited by a different date? Defendants offer no legal authority for this position and it seems contrary to idea that the statute provides for a six-month window that ends six-months after the FTCA Notice was *mailed to Plaintiff*, not when it was *received by Plaintiff*. As a result, the Court cannot conclude that Plaintiff's negligence claim is subject to dismissal for failure to exhaust as argued in the Motion. For this reason, the Court **denies** the Motion to the extent it argues that Plaintiff's negligence claim should be dismissed for failure to exhaust his administrative remedies.

## IV. Conclusion

For the reasons stated above,

IT IS HEREBY **ORDERED** that the Motion [#22] is **DENIED**.

Dated: September 24, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge